**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Svec,<br><br>               Plaintiff,<br><br>v.<br><br>Brett Davis, et al.,<br><br>               Defendants. | No. CV-23-01116-PHX-DWL<br><br>**ORDER** |

Pending before the Court is a motion for judgment on the pleadings filed by Plaintiff/Counter-Defendant Todd Svec ("Svec"). (Doc. 35.) For the reasons that follow, the motion is denied.

**BACKGROUND**

On March 22, 2023, Svec initiated this action against Brett Davis ("Davis") and certain other individuals and entities (together, "Defendants"). (Doc. 1.)[1] Svec alleges that "[o]n or about August 13, 2020, [he] paid [Davis] the agreed-upon $30,000 in exchange for ownership of half of" a company called 21 Electronics, LLC. (*Id.* ¶ 18.) Svec further alleges that "Davis eventually effectively ousted [him] from the partnership in 2022 by removing [his] access to" various company accounts, information, and inventory. (*Id.* ¶ 43.) Svec further alleges that he and Defendants "agreed that the business relationship was frayed and that the partnership should be dissolved . . . [i]n August 2022." (*Id.* ¶ 45.)

---

[1] This action was filed in the Western District of Missouri but was later transferred to the District of Arizona. (Doc. 11.)

Based on these allegations, the complaint asserts claims for breach of contract, breach of fiduciary duty, conversion, unjust enrichment, and an accounting.  (*Id.* ¶¶ 48-107.)

On August 17, 2023, Defendants filed an amended answer.  (Doc. 25.)  Defendants "admit the Parties signed a letter of intent" but otherwise "deny all remaining allegations set forth in ¶ 18 of the Complaint."  (*Id.* at 2 ¶ 9.)  Defendants also deny the allegations in ¶ 43 of the complaint.  (*Id.* at 4 ¶ 26.)

In the same pleading, Davis asserts counterclaims for declaratory relief, promissory estoppel, breach of the covenant of good faith and fair dealing, unjust enrichment/quantum meruit, and conversion.  (*Id.* at 8-17.)  Davis alleges as part of his counterclaim that "the letter of intent . . . and any further business venture was expressly conditioned on and would not constitute a binding agreement on the parties until the Parties executed a final partnership agreement or membership purchase agreement memorializing the final terms of any business venture."  (*Id.* at 10 ¶¶ 15-16.)  Davis further alleges that "[d]espite executing the letter of intent . . . , Svec took no steps at any point in time to finalize or formalize any partnership document or any other documents memorializing a[n] acquisition of any interest in 21 Electronics."  (*Id* at 10 ¶ 17.)  According to Davis, the parties then agreed that "rather than" Svec "acquiring the interest in 21 Electronics," he "would serve as a distributor," and "[t]he $30,000 . . . was treated as a payment to acquire the non-exclusive right to distribute."  (*Id.* at 11 ¶¶ 27-28.)  Based in part on these allegations, Davis seeks a declaratory judgment that "Svec never acquired a legal or ownership interest in 21 Electronics, LLC."  (*Id.* at 14 ¶ 53.)

On October 27, 2023, Svec filed the pending motion for judgment on the pleadings.  (Doc. 35.)  That motion is now fully briefed.  (Doc. 37, 38.)[2]

…

…

…

---

[2] Defendants' request for oral argument is denied because the issues are fully briefed and argument would not aid the decisional process.  *See* LRCiv 7.2(f).

**DISCUSSION**

I. <u>Legal Standard</u>

"[T]o survive a motion to dismiss, a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1444-45 (citation omitted). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-80. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

A Rule 12(c) motion for judgment on the pleadings by a defendant or counter-defendant is "functionally identical" to a Rule 12(b)(6) motion to dismiss. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (citations omitted); *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) ("*Iqbal* applies to Rule 12(c) motions.") (citation omitted). Therefore, a motion for judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999); *see also Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (when ruling on a Rule 12(c) motion, the court must "accept as true all allegations in [the plaintiff's] complaint and treat as false those allegations in the answer that contradict [the plaintiff's] allegations").

Similarly, when a plaintiff or counterclaimant seeks judgment on the pleadings, "the allegations of the non-moving party must be accepted as true, while the allegations of the

moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id. See generally* 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 12 (2024) ("For the court to grant judgment on the pleadings for the plaintiff, the pleadings must show, even when construed in the light most favorable to the defendant, that the plaintiff must prevail as a matter of law.  This is often a difficult burden since the plaintiff typically will hold the burden of proof for the claims it is asserting.  For the plaintiff to prevail on a Rule 12(c) motion, the pleadings must conclusively establish all elements for which the plaintiff holds the burden and that no defense is possible.").

II.     The Parties' Arguments

Svec contends that Defendants admit that (1) "[Svec] and . . . Davis agreed that [Svec] would pay . . . Davis $30,000 in exchange for ownership of half of the partnership and/or company"; (2) "[Svec] and [Davis] signed the contract/partnership agreement, even if they do not agree that it was a contract or partnership agreement and instead allege that it was a 'letter of intent'"; and (3) "[Svec] paid . . . Davis $30,000." (Doc. 35 at 5-6.)  Svec therefore contends that Defendants have admitted that he "was entitled to his rights under the contract, *i.e.*, one-half of the business." (*Id.* at 6.)  It follows, according to Svec, that Davis is not entitled to a declaration "that there was no formal business relationship between [Svec] and . . . Davis and that [Svec] never acquired a legal interest in 21 Electronics, LLC" because (1) "there is no express condition in the August 11, 2020 document that prevented or delayed [Svec's] acquisition of a 50% interest"; (2) "the sale and acquisition were consummated upon payment of $30,000, and [Svec] made that payment"; and (3) "Davis's after-the-fact claim that the sale was conditioned on the creation and execution of other partnership agreements is clearly belied by the express terms of the August 11, 2020 document." (*Id.* at 10-11.)  Finally, Svec also argues that, as

a matter of law, he is "entitled to an accounting for the business from . . . Davis" under either A.R.S. § 29-1035 or § 29-3410. (*Id.* at 11-12.)

Defendants respond that there is "a factual dispute as to whether . . . Svec acquired an interest in 21 Electronics" because "whether the parties intend[ed] to be bound" by "a letter of intent" or "only after the execution of a formal written agreement is a question of fact." (Doc. 37 at 5-6, 11, cleaned up.) More specifically, Defendants assert that "a letter of intent is generally not a binding agreement unless the content of the letters, conduct of the parties, and its surrounding circumstances clearly point to a mutual intent to be bound," and here "the content of the letter of intent dated August 11, 2020 reflects an intent not to be bound because its purpose is clearly outlined, essential terms of the alleged contract are missing, and the letter of intent even references further 'partnership agreements' . . . that must be executed to complete the transaction." (*Id.* at 8-9.) Finally, Defendants contend that "the conduct of the parties following the letter of intent reflects an intent not to be bound by the terms of the letter of intent" because the parties "never executed the subsequent partnership agreements to complete the transaction" and "the parties agreed to repurpose the $30,000 . . . Svec paid to . . . Davis as an acquisition of the right to distribute XPin products through" Svec's own company. (*Id.* at 3, 10-11.)

In reply, Svec argues that "being labeled a notice of intent does not preclude an agreement from being a binding contract." (Doc. 38 at 2.) Svec emphasizes that "[t]here is no express or even implied nonbinding clause in the agreement," and rather "[t]he content of the agreement . . . shows that the parties clearly intended to be bound by it." (*Id.* at 4.) Further, Svec argues that "when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself," but in any case "the parties' conduct and the surrounding circumstances further demonstrate the parties' intent to treat the agreement as a sale of an interest in the business." (*Id.* at 5-6.) Svec also contends that it "is not legally accurate" to suggest that "the lack of other agreements somehow prevents the consummation of the sale." (*Id.* at 7.)

…

III. Analysis

    A. **Svec's Claim For An Accounting**

Svec seeks judgment on the pleadings on Count Seven of his complaint, which is an affirmative claim for an accounting. (Doc. 1 ¶¶ 103-07.) At the outset, the Court notes that Svec has been inconsistent regarding whether Arizona or Missouri law governs this claim. (Doc. 1 ¶ 105 [seeking accounting under Missouri statute]; Doc. 35 at 11 [seeking accounting under Arizona statutes]; Doc. 38 at 8 [citing both Arizona and Missouri statutes].) As explained below, Svec is not entitled to judgment on the pleadings regardless of which state's law applies.

A.R.S. § 29-3410(B) allows "a member or manager" of an LLC to "inspect and copy" certain "records." Similarly, A.R.S. §§ 29-1035(B) and 29-1033(B) allow "[a] partner" to "maintain an action against the partnership or another partner" including for "access to [the partnership's] books and records." Meanwhile, Mo. Rev. Stat. § 358.220 provides that "[a]ny partner shall have the right to a formal account as to partnership affairs" under specified circumstances. Thus, to prevail here, Svec would need to establish "on the face of the pleadings" that he entered into a partnership with Davis or otherwise became a member or manager of 21 Electronics, LLC. *Hal Roach Studios,* 896 F.2d at 1550. For purposes of this assessment, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id.*

Svec has not established an entitlement to relief under those standards. Svec places heavy emphasis on the fact that, under Arizona law, a document denominated as a letter of intent can potentially qualify as an enforceable contract. *Johnson Int'l, Inc. v. City of Phoenix*, 967 P.2d 607, 614 (Ariz. Ct. App. 1998) (noting that although "generally the purpose [of a letter of intent] is not to bind parties to the ultimate contractual obligations," "[t]o determine whether the agreement binds anything, the court must look to the content of the letter and to the circumstances") (citing *Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 315 (9th Cir. 1996)). Svec contends that, because Defendants admit in their answer

- 6 -

that Davis signed the August 11, 2020 letter and then received the $30,000 payment contemplated in it, and because the August 11, 2020 letter did not contain an express non-binding clause, it follows that Defendants have admitted the August 11, 2020 letter was a binding contract. (Doc. 35 at 7-9.)

This argument lacks merit. "For an enforceable contract to exist" under Arizona law, "[t]he parties must intend to be bound." *Tabler v. Indus. Comm'n of Arizona*, 47 P.3d 1156, 1158-59 (Ariz. Ct. App. 2002). Critically, "[t]he determination of intent [to contract] is a factual question." *Id.* at 1159. Further, "[w]hen interpreting a contract . . . , it is fundamental that a court attempt to ascertain and give effect to the intention of the parties at the time the contract was made if at all possible. If, for example, parties use language that is mutually intended to have a special meaning, and that meaning is proved by credible evidence, a court is obligated to enforce the agreement according to the parties' intent, even if the language ordinarily might mean something different. The judge, therefore, must avoid the often irresistible temptation to automatically interpret contract language as he or she would understand the words. . . . On occasion, exposition of the evidence regarding the intention of the parties will illuminate plausible interpretations other than the one that is facially obvious to the judge." *Taylor v. State Farm Mut. Auto. Ins. Co.*, 854 P.2d 1134, 1139-40 (Ariz. 1993) (cleaned up). Here, although Defendants admit in their answer that Davis signed the August 11, 2020 letter and then received a $30,000 payment from Svec, Defendants specifically deny Svec's allegation that, by doing so, Davis intended to and agreed to sell a 50% ownership interest in 21 Electronics, LLC to Svec. (Doc. 25 at 2 ¶¶ 7-9.) Davis also includes more detailed allegations on these topics in his counterclaim, asserting that (1) the parties did not intend the August 11, 2020 letter to be a binding contract, but rather only intended to be bound by the execution of a subsequent formal contract that never came to fruition; and (2) the $30,000 payment was ultimately treated as a payment for distribution rights, not as a payment for a partial interest in 21 Electronics, LLC. (*Id.* at 10-11 ¶¶ 15-17, 28.) If these allegations were directly contradicted by the August 11, 2020 letter, the Rule 12(c) analysis might be different, but they are not—among

other things, the August 11, 2020 letter refers to itself as a "notice . . . to serve as a letter of intent," merely states that Svec will have a 50% interest in 21 Electronics, LLC "[a]t the conclusion of this sale/transaction," and states that "additional partnership agreements will be constructed and put into place" in the future. (Doc. 1-3 at 1.) For purposes of Svec's motion, the Court must take Defendants' factual intent-to-contract allegations as true and reject Svec's contrary allegations. *Hal Roach Studios,* 896 F.2d at 1550. Because this analysis results in the conclusion that Defendants did not intend to treat the August 11, 2020 letter as a binding contract to sell a partnership interest to Svec, it follows that Svec is not entitled to judgment on the pleadings on his claim for an accounting under Arizona law—as noted, a prerequisite to such a claim is that Svec became a partner, member, or manager of 21 Electronics, LLC.

The conclusion would be the same if Count Seven were governed by Missouri law. In Missouri, "[w]here a contract is ambiguous, then a question of fact arises as to the intent of the parties as to its meaning." *Tuttle v. Muenks*, 21 S.W.3d 6, 9 (Mo. Ct. App. 2000). Whether the parties intended to be bound by a contract can also present a fact question. *Cf. Baier v. Darden Restaurants*, 420 S.W.3d 733, 739 (Mo. Ct. App. 2014) ("[T]he absence of the offeror's signature on the proposal presents a question of fact, requiring the trial court to determine the offeror's intent, *i.e.*, whether an 'offer' to enter into a bilateral contract was made, and thus whether the offeror intends to be bound if the unsigned proposal is accepted by the offeree."); *Benson Optical Co. v. Floerchinger*, 810 S.W.2d 531, 535 (Mo. Ct. App. 1991) ("[W]here two defendants signed a contract as individuals, not as agents, and where their names were included within the identification of one of the parties to the contract, the question of their intent to be personally bound was for the trier of fact."). Here, viewing the pleadings in the light most favorable to the non-movant, it is ambiguous whether the parties intended the August 11, 2020 letter to be a binding contract making Svec a partner upon receipt of the $30,000 payment or merely intended to signal their intent to execute such a contract in the future—plans that never came to fruition. *Cf. Shapleigh Inv. Co. v. Miller*, 193 S.W.2d 931, 937 (Mo. Ct. App. 1946) ("[I]t becomes a

question of fact as to whether the parties intended the formal writing to be merely a memorial of their agreement arrived at through their correspondence, or whether they intended that there should be no contract until the execution of the formal extension agreement.").

### B. Davis's Counterclaim For Declaratory Judgment

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

Here, Davis seeks a declaratory judgment "that there was no formal business relationship between the Parties, and that . . . Svec never acquired a legal or ownership interest in 21 Electronics, LLC." (Doc. 25 at 14 ¶ 53.) Svec argues essentially this counterclaim should be dismissed because Svec will prevail on the merits of the contract-formation issue. (Doc. 35 at 10-11 ["[Svec] clearly did . . . acquire[] an interest in 21 Electronics. . . . Davis's after-the-fact claim that the sale was conditioned on the creation and execution of other partnership agreements is clearly belied by the express terms of the August 11, 2020 document."].) But as explained above, this cannot be a basis for judgment on the pleadings because, taking all of Davis's counter-allegations as true, Svec does not prevail on the merits.

Accordingly,

**IT IS ORDERED** that Svec's motion for judgment on the pleadings (Doc. 35) is **denied**.

Dated this 30th day of April, 2024.

Dominic W. Lanza
United States District Judge